AO 106 (Rev. 04/010) Application for Search Warrant          AUTHORIZED AND APPROVED/DATE: NMC 9/25/19

# UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF OKLAHOMA

In the Matter of the Search of )
Nokia Model TA1124 ) Case No: MJ-19-515-BMJ
Serial number RHDBA90108000779 )
)

## APPLICATION FOR SEARCH WARRANT

I, Corey Wells, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

See Attachment A, which is incorporated by reference herein.

Located in the Western District of Oklahoma, there is now concealed:

See Attachment B, which is incorporated by reference herein.

The basis for the search under Fed. R. Crim.P.41(c) is (*check one or more*):
☒ evidence of the crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Unlawful shipment, transfer, receipt, or possession by a felon |
| 18 U.S.C. § 922(i) | Transportation or shipment of a stolen firearm or ammunition |
| 18 U.S.C. § 922(j) | Receipt or possession of a stolen firearm or ammunition |
| 26 U.S.C. § 5861 | Tax on making firearms |

The application is based on these facts:

See attached Affidavit, which is incorporated by reference herein.

☒ Continued on the attached sheet(s).
☐ Delayed notice of [No. of Days] days (*give exact ending date if more than 30 days*) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet(s).

_____
*Applicant's signature*
Corey Wells, Special Agent, ATF

Sworn to before me and signed in my presence.

Date: 9/25/19

_____
*Judge's signature*

City and State: Oklahoma City, Oklahoma        BERNARD M. JONES, U.S. Magistrate Judge
*Printed name and title*

FILED SEP 25 2019 CARMELITA REEDER SHINN, CLERK U.S. DIST. COURT, WESTERN DIST. OKLA. BY ___ DEPUTY

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Corey Wells, a Special Agent (S/A) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Oklahoma City, being duly sworn, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of a cell phone and the extraction of its data. The cell phone is currently in the ATF's possession.

2. I have been employed as a Special Agent by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since May 2018. I am currently assigned to the Dallas Field Division, Oklahoma City Field Office. I investigate crimes against the United States in violation of federal law(s). My duties include, but are not limited to, investigating violations of Sections 921 through 931 of Title 18 of the United States Code, including those laws prohibiting the possession of firearms by certain persons.

3. Prior to being employed by the ATF, I served as a Narcotics Agent for approximately six years with the Oklahoma Bureau of Narcotics. Before that, I was a police officer in Bossier City, Louisiana, for approximately four years. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia, as well as the ATF Special Agent Basic Training Academy. I

1

am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

4. Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement personnel, interviews, witnesses, and other information related to the case.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

5. The property to be searched is a wireless, cellular telephone, specifically a **Nokia Model TA1124, serial number RHDBA90108000779** (hereinafter the **SUBJECT PHONE**). The **SUBJECT PHONE**, which is further identified in Attachment A, is currently located at the ATF Oklahoma City Area Office.

6. The applied-for warrant would authorize the forensic examination of the **SUBJECT PHONE** for the purpose of identifying the electronically stored data described in Attachment B.

## PROBABLE CAUSE

*The Stolen Short-Barreled Rifle*

7. This application for a search warrant arises from the theft of a personally owned short-barrel rifle, a United States Marshal Service (USMS) decaled body armor vest, and ammunition from the personal vehicle of an officer with the Pottawatomie

2

County Sheriff's Office on or about July 28, 2019. The officer is also a task force officer with the USMS.

8. Specifically, the stolen firearm was a Noveske, Model N4, 5.56 caliber short-barreled rifle (10.5 inch barrel), s/n: X06318 (hereinafter, the SBR).

9. On August 11, 2019, the Choctaw Police Department (CPD) discovered a photograph of Destiny Webster holding what appeared to be the stolen SBR. Upon examining the photo, members of the USMS believed the firearm in the photo matched the description of the stolen SBR.

10. Law enforcement located and arrested Webster at 1105 S. Broadway, Lot 20, Edmond, Oklahoma, 73034. Wanda Jones and Ashton Couture reside at this address.

11. On August 20, 2019, I conducted a non-custodial interview of Wanda Jones and Ashton Couture at their residence. According to Jones, Destiny "Dusty" Webster and Shawn "Thumper" Maclean brought the SBR over to her trailer and took a photograph with it. Maclean told Jones that a kid had broken into a police officer's car to steal the SBR. Further, Couture confirmed that Maclean and Webster brought the SBR over to their trailer and that Maclean said the SBR was stolen. Couture could not recall on what day this occurred.

*The Interview of Shawn Maclean*

12. With other law enforcement officers, I conducted a non-custodial interview of Shawn Maclean on August 20, 2019, at an Oklahoma County Sheriff's Office substation located at 8611 Main St, Spencer, OK 73084.

13. According to Maclean, he observed the SBR laying in the dining area of Christopher Ryan's house. Ryan told Maclean that Ryan's "little homie" had stolen the SBR from the "feds." Maclean described examining the SBR and how he believed the make of the SBR started with an "N." Maclean also recalled seeing the magazines to the SBR in Ryan's car.

14. Maclean further stated that when Ryan tried to sell him the SBR, Maclean told him he was not interested. Maclean stated that as far as he knew, Ryan still had the SBR.

*The Interview of Christopher Ryan*

15. On August 22, 2019, S/A Taylor and I conducted a custodial interview of Ryan at his residence located at 2125 SW 65th street, Oklahoma City, OK 73159.

16. After waiving his Miranda rights, Ryan stated how Sean Maclean asked him if he would like to buy the SBR. Ryan could not recall the exact date of Maclean's offer. Ryan claimed he advised Maclean that he was not interested in purchasing the weapon, but that Maclean could come to his residence to discuss other matters. Nevertheless, Maclean brought the SBR over to Ryan's residence and again tried to sell it to him.

17. According to Ryan, Maclean left the SBR at Ryan's residence even though he did not pay for it. Ryan stated that on August 19 or 20, he took the SBR over to Michael Miller's apartment, located at 1402 SW 59th Street, Apartment #4124, Oklahoma City, OK 73119, where he traded it to a "kid" for a Mossberg shotgun. Ryan described the kid as approximately 21 to 22 years old, white, and tall.

18. On August 22, 2019, members of the USMS arrived at Miller's apartment and located a black Mossberg shotgun. Upon being shown a photograph of the black Mossberg shotgun recovered by the USMS, Ryan stated it was the same shotgun he received from the "kid" in exchange for the SBR.

19. Special Agents eventually located a person matching Ryan's description of the "kid. Special Agents believed the "kid" to be Jerad FUNKE—who Ryan then identified as the person to whom he transferred the SBR.

*Law Enforcement Arrests and Interviews FUNKE*

20. On August 22, 2019, members of the USMS, with the assistance of the Oklahoma Highway Patrol (OHP), arrested FUNKE on an outstanding arrest warrant from Oklahoma County. The arrest occurred at FUNKE's residence, located at 2624 SW 63rd Street, Oklahoma City, OK 73139.

21. FUNKE initially resisted arrest when he failed to comply with law enforcement's instructions after he exited the residence. In response, K-9 police dogs assisted law enforcement in apprehending FUNKE, during which FUNKE sustained injuries. FUNKE's injuries required stitches and he was taken into custody by the USMS and transported to receive medical treatment. Before FUNKE was transported away from the scene, he advised law enforcement that what they were looking for was on the couch in the living room.

22. At the time of FUNKE's arrest, Megan Thompson and Rhoda Civick were present. Both persons live at the same residence as FUNKE. Rhoda Civick gave officers consent to search the residence via the form provided to her by the USMS.

5

23. I began searching the residence and immediately observed what appeared to be the SBR on the living room couch. The SBR was chamber-loaded, with a loaded magazine attached, and the selector switch was on the "semi" setting. There were 21 rounds of ammunition in the magazine and one (1) in the chamber, for a total of 22 rounds of ammunition. The SBR matched the description of the one stolen from the USMS task force officer on July 28, 2019.

24. On August 22, 2019, S/A Taylor and I conducted a custodial interview of FUNKE at the emergency room of INTEGRIS Southwest Medical Center, located at 4401 S Western Avenue, Oklahoma City, OK 73109. I advised FUNKE of his Miranda rights.

25. After waiving his Miranda rights, FUNKE stated the following. He claimed he owned a Smith and Wesson M&P .40 caliber (pistol) and a Mossberg 500 shotgun, but neither of them were stolen. He claimed that while he was at Michael Miller's house, Christopher Ryan showed him the "N4, with the Daniel Defense Upper" rifle, and asked FUNKE if he could trade his pistol and shotgun for the N4 rifle. FUNKE said yes, explaining that the trade occurred in the parking lot of Miller's apartment complex, and that he in fact received the N4 rifle through this trade. FUNKE claimed that Ryan informed him the rifle was not stolen. FUNKE also stated that he did not get a chance to shoot the N4 before he was taken into custody.

26. When asked if he had anything to corroborate his story, FUNKE stated that there should be records on his cell phone of Ryan calling him twice prior to the exchange. I asked FUNKE if his cell phone (**SUBJECT PHONE**) was the blue one recovered

incident to his arrest and with his consent. FUNKE said yes and stated that I was "more than welcome" to go through his cell phone. FUNKE then provided the passcode to the cell phone—3991.

27.  FUNKE further admitted to me that he was a felon, which I have confirmed, and that the specific rifle he received from Ryan was a Noveske, N4, with a Daniel Defense upper and aimpoint red dot sight—which matches the description of the stolen SBR that was recovered at FUNKE's residence.

28.  In my experience, persons involved in transactions of this sort can use mobile phones to prepare, facilitate, or later comment on the transaction. Such records contained on mobile phones include GPS information, call logs, text messages, and photographs that memorialize the transaction. In the course of this investigation, for example, I have already determined that one individual, Destiny Webster, took photos of herself with the weapon.

29.  In conclusion, I believe there is probable cause to believe that the **SUBJECT PHONE** contains records of the transaction by which FUNKE came to possess the SBR.

30.  The **SUBJECT PHONE** is currently located at the ATF's Oklahoma City Field Office, at 901 NE 122nd Street, Suite 200, Oklahoma City, OK 73114. In my training and experience, I know that the **SUBJECT PHONE** has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the **SUBJECT PHONE** first came into the possession of the ATF.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

31. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

32. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

33. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

34. Based on the above information, there is probable cause to believe that violations of 18 U.S.C. §§ 922(g)(1), 922(i), and 922(j), and 26 U.S.C. § 5861 have occurred, and that evidence, fruits, and instrumentalities of these offenses are located on the **SUBJECT PHONE**. Therefore, I respectfully request that this Court issue a search

warrant for the **SUBJECT PHONE**, described in **Attachment A**, authorizing the seizure of the items described in **Attachment B**.

_____
Corey Wells
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

SUBSCRIBED AND SWORN to before me on this 25th day of September 2019.

_____
Bernard M. Jones
United States Magistrate Judge

9

## ATTACHMENT A – PROPERTY TO BE SEARCHED

The **property to** be searched is a wireless, cellular telephone, specifically a Nokia Model TA1124, serial number RHDBA90108000779 (hereinafter the **SUBJECT PHONE**). The **SUBJECT PHONE**, which is further identified in Attachment A, is currently located at ATF's Oklahoma City Field Office, at 901 NE 122nd Street, Suite 200, Oklahoma City, OK 73114. This warrant authorizes the forensic examination of the device for the purpose of identifying the electronically stored information described in Attachment B.



## ATTACHMENT B – LIST OF ITEMS TO BE SEIZED

Electronically stored information including, but not limited to: the phone directory and/or contacts list, calendar, text messages, chat messages, multi-media messages, e-mail messages, cell logs, GPS information, photographs, videos and data files that relates to violations of 18 U.S.C. §§ 922(g)(1), 922(i), and 922(j), and 26 U.S.C. § 5861.

